Mr. Justice Clayton
delivered the opinion of the court.
The question in this case grows out of the quashing of an execution in the court below. The execution issued upon an affirmance of a judgment in the high court, and before that affirmance, but after the judgment in the court below, the whole property of the decedent had been distributed among the distributees of the estate.
The execution had been transferred by assignment to one of the distributees, who had received his proportion of the estate *447 in the process of distribution. Whether the transfer was made before or after the distribution took place, does not very certainly appear; but we infer it was afterwards. In this state of case this fact may not be very material.
The court below quashed the execution; and this order is attempted to be sustained here, first, on the ground that the purchase and assignment of the execution operated as a payment arid discharge, and next, that as the beneficial interest was in one of the distributees, he could not have it levied upon ^property which had been divided out.
The question of payment, in matters of this kind, is always one of intention. If it is the intention and understanding of the parties, that the transaction shall be an assignment, there is nothing in the law to prevent its having that effect. It will pass the beneficial interest, and give to the party the right to use the name of the judgment creditor to enforce the execution.
On the other ground, it is enough to say, that there may be equities among the several distributees of the estate, as to the proportions in which they shall contribute to the payment of this claim; but this point cannot now arise. The whole estate was bound by the judgment lien for its payment. Upon the motion to quash, the court could not legally undertake to adjust the equities of the parties.
We see nothing to justify the order of the court below; it is therefore reversed, and the cause remanded.